**Mitchell M. OWENS, Plaintiff–Appellant,**

v.

**COUNTY, MUNICIPAL EMPLOYEES', SUPERVISORS' AND FOREMEN'S UNION, LOCAL 1001, Defendant–Appellee.**

No. 07–4062.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 11, 2008.*

Decided Dec. 12, 2008.

Rehearing Denied Jan. 23, 2009.

Mitchell M. Owens, Chicago, IL, pro se.

Patrick E. Deady, Hogan Marren, Chicago, IL, for Defendant–Appellee.

Before JOHN L. COFFEY, Circuit Judge, JOEL M. FLAUM, Circuit Judge and MICHAEL S. KANNE, Circuit Judge.

**ORDER**

Mitchell Owens sued his union alleging race discrimination in violation of Title VII, 42 U.S.C. § 2000e–2, and 42 U.S.C. §§ 1981 and 1983. The district court dismissed the complaint, finding that Owens's claims were barred by the applicable stat-

ute of limitations; that Owens failed to exhaust his administrative remedies; and that § 1983 protects employees only from unlawful conduct by state actors, not private entities such as labor unions.

On appeal, Owens has submitted nothing more than a hodgepodge of documents including photocopies of receipts relating to his workers' compensation claim, earlier state court filings, medical records, EEOC paperwork, and a previously denied request for appointment of counsel. However, an appellate brief must contain legal argument, citation to legal authority, and a statement of the issues presented for review. FED. R.APP. P. 28(a)(9). And even pro se litigants must present identifiable arguments. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Nowhere does Owens address the district court's decision, or assert factual or legal error related to this suit. Accordingly, the appeal is DISMISSED.